UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIS K. ROTROFF, | CASE No. 1:13-cv-02017-LJO-MJS |
| Plaintiff, | FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION BE DENIED |
| v. | |
| PAM AHLIN, et al., | (ECF Nos. 4 and 5) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.     PROCEDURAL HISTORY**

Plaintiff Denis K. Rotroff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On December 10, 2013, Plaintiff filed motions seeking a preliminary injunction and waiver of a security requirement. (ECF Nos. 4 and 5.) Plaintiff requests a court order directing Defendants to provide a privacy curtain in his room. (ECF No. 4 at 2.)

Defendants filed a motion to dismiss on January 9, 2014. (ECF No. 11.) The Defendants argue that Plaintiff's allegations fail to state a claim and the injunction should be denied as moot. (Id. at 14.)

**II.    SUMMARY OF CLAIMS**

Plaintiff's essential allegations can be summarized as follows:

1

Plaintiff is a seventy year old civil detainee with no history of violence at Coalinga State Hospital (CSH), where he has been confined since 2007. In 2012, an inspection of CSH found that privacy curtains in detainees' rooms posed a safety hazard because they concealed detainees from employees. The curtains subsequently were removed by staff.

Plaintiff responded by creating makeshift screens. Staff removed the screens and/or "wrote up" Plaintiff or threatened to do so. Plaintiff lost numerous privileges. His health has suffered dramatically as a result of the lack of privacy and the animosity which has arisen between himself and staff. (ECF No. 4.)

### III. LEGAL STANDARD FOR INJUNCTIVE RELIEF

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). The standards for a temporary restraining order are essentially the same as that for a preliminary injunction. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Winter, 555 U.S. at 22; Rizzo v. Goode, 423 U.S. 362, 378 (1976) (Injunctive relief is to be granted "sparingly, and only in [ ] clear and plain case[s].").

### IV. ANALYSIS

Plaintiff argues that he is likely to succeed on the merits. He asserts that as a civil detainee the Fourteenth Amendment dictates that he cannot be subjected to conditions that amount to punishment. In Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004) the Ninth Circuit found "when a SVPA detainee is confined in conditions identical to, similar to, or more restrictive than, those in which his criminal counterparts are held, we presume that the detainee is being subjected to 'punishment.'" Id. at 932. Plaintiff contends that

1  without a privacy curtain his quarters are too similar to prison living conditions and
2  therefore violate his Fourteenth Amendment rights.  The Court disagrees.
3      While Plaintiff is not a convicted criminal, he is involuntarily serving a civil
4  commitment term at a secure facility; he is not a free individual with a full panoply of
5  rights.  Civil detainees are entitled to more considerate treatment and conditions of
6  confinement than criminals whose conditions of confinement are designed to punish,
7  Youngberg v. Romeo, 457 U.S. 307, 321-2 (1982), but maintaining facility security and
8  effectively managing the facility are unquestionably legitimate, non-punitive government
9  interests, Jones, 393 F.3d at 932 (quotation marks omitted).
10     Plaintiff alleges that the privacy curtains were determined to be a security risk
11 during an inspection by state officials from outside CSH.  Thus, though he suggests
12 Defendants were overly aggressive in pursuing the no-curtain policy, Plaintiff concedes
13 the policy arose from security concerns.
14     Under such circumstances and applicable law, it does not appear that Plaintiff's
15 allegations are likely to state a claim.
16     The Court also is unpersuaded that Plaintiff is likely to suffer irreparable harm in
17 the absence of an injunction.  Plaintiff "must establish that irreparable harm is likely, not
18 just possible, in order to obtain a preliminary injunction."  Alliance for the Wild Rockies v.
19 Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (citing Winter, 555 U.S. at 22).  Plaintiff
20 alleges that he has suffered severe anxiety, dizzy spells, shortness of breath, and
21 irregular heart rate as a result of the loss of his privacy curtain and related disputes.
22 Taking all of Plaintiff's allegations as true, they suggest that Plaintiff, who is seventy,
23 became sick for several months in 2012 after the no curtain policy was enacted.  Plaintiff
24 is certain that his symptoms were caused by the policy in question and that he will
25 relapse.  However, his conclusions and speculation in these regards are not supported
26 by credible factual allegations.  There are no facts, indeed nothing beyond Plaintiff's
27 bare claims, to support the suggestion his symptoms were caused by the lack of privacy.
28 Plaintiff's condition has improved and his certainty that a relapse will occur is

speculative.

Plaintiff's motion argues that the balance of equities tip in his favor because CSH possesses privacy curtains and the hardware is already installed. Again, the Court disagrees. Plaintiff does not address the security element. Reinstallation of privacy curtains implicates more than cost and installation resources. The privacy curtains were taken down because they were deemed a threat to institutional security.

Finally, Plaintiff argues that issuance of an injunction is in the public interest. The Court is of the opposite opinion. Any public interest that would be advanced by issuing an injunction in this case is greatly outweighed by the remaining factors, and in particular reasonable security concerns, discussed above. Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22. Plaintiff has not clearly shown that he is entitled to injunctive relief.

**V.    CONCLUSION AND ORDER**

Plaintiff fails to provide facts which would enable the Court to find that he is in need of, and entitled to, injunctive relief. Accordingly, for the reasons stated above the Court RECOMMENDS that Plaintiff's motion for a preliminary injunction (ECF No. 4) be DENIED without prejudice. Plaintiff's motion seeking a waiver of the security requirement set forth in Federal Rule of Civil Procedure 65(c) should be DENIED as moot.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified

time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 5, 2014       /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE