UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIS K. ROTROFF,<br><br>    Plaintiff,<br><br>    v.<br><br>PAM AHLIN, et al.,<br><br>    Defendants. | CASE NO. 1:13-cv-02017-LJO-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A COGNIZALBE CLAIM<br><br>(ECF NO. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

Plaintiff is a civil detainee at Coalinga State Hospital ("CSH") proceeding *pro se* and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 7.) His Complaint is now before the Court for screening.

**I.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee,

or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  PLEADING STANDARD

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.*

## III.  PLAINTIFF'S ALLEGATIONS

Plaintiff is detained at Coalinga State Hospital ("CSH") in Coalinga, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants: 1)

2

Pam Ahlin, former Executive Director of CSH, 2) Audrey King, Executive Director of CSH, 3) Karen Reed, Program Director, 4) Brian Bowley, Program Director, 5) Javier Saldivar, Psychologist, 6) Louis Jackson, Social Worker, 7) Mariam Joya, Unit Supervisor, 8) Tameka Walker, Unit Supervisor, 9) Alba Espinoza, Psychiatric Technician, 10) John Adams, Psychiatric Technician, and 11) John Does #1-20, Ad-hoc Committee and Environmental Oversight Committee ("EOC") Panel Members.

Plaintiff alleges essentially the following:

Since February 2007, Plaintiff has been involuntarily committed at CSH pursuant to California Health and Welfare Code § 6600.[1] In 2012, an Ad-hoc Committee was formed at CSH that began implementing policies regarding privacy curtains and personal possessions. The Committee was formed in response to a number of state agencies having cited CSH for violating state regulations.

Staff began removing privacy curtains based on safety hazard and security concerns. Plaintiff had created makeshift screens which staff required him to remove. On one occasion Defendants Joya and Espinoza ordered Plaintiff to take down his screen and laughed at Plaintiff. Plaintiff repeatedly asked for a replacement CSH-issued curtain, which some patients were allowed, but Program Director Reed refused to install curtains on Plaintiff's floor. Plaintiff was written up, lost privileges, and had his property seized on numerous occasions for his makeshift screens and for possessing unapproved personal possessions.

Defendant Walker threatened to take Plaintiff's property because he had an "excessive amount." (ECF No. 1 at 13.) Defendant Walker required Plaintiff to remove his television antenna, but allowed another patient to keep an antenna in his room.

Defendant Adams threatened to kill Plaintiff and took away his privileges.

Plaintiff was denied due process. Prior to receiving reprimands and sanctions for his screens and unapproved possessions, he was not able to see a copy of the

---

[1] Section 6600 provides for detention of sexually violent predators.

3

complaints against him, and he was not able to present witnesses at any hearing.

Defendants Saldivar and Jackson denied Plaintiff access to the courts by failing to assist him with filing an elder abuse lawsuit in August 2013.

Plaintiff's health has suffered dramatically as a result of the lack of privacy and the animosity which has arisen between himself and staff.

Plaintiff seeks damages and declaratory relief for Defendants' violation of state law and his Fourth, Fifth, and Fourteenth Amendment rights.

## IV. ANALYSIS

Plaintiff, a civil detainee pursuant to California Welfare and Institutions Code § 6600 *et seq.*, is not a prisoner within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000). He retains greater liberty protections than individuals detained under criminal process and is "'entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.'" *Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004) (*quoting Youngberg v. Romeo*, 457 U.S. 307, 322 (1982)). Treatment is presumptively punitive when a civil "detainee is confined in conditions identical to, similar to, or more restrictive" than his criminal counterparts. *Id.* at 933.

Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. *Youngberg*, 457 U.S. at 315. A determination whether Plaintiff's rights were violated requires "balancing his liberty interests against the relevant state interests." *Id.* at 321.

### A. Linkage & Supervisory Liability

Under Section 1983, Plaintiff must demonstrate that each Defendant personally participated in the deprivation of his rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). In other words, there must be an actual connection or link between the actions of the Defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978).

Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 691 (1978). Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. *Iqbal*, 556 U.S. at 676.

Liability may be imposed on supervisory defendants under § 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Defendants cannot be held liable for being generally deficient in their supervisory duties.

Plaintiff adds twenty unnamed Defendants in this action. Plaintiff fails to specifically link each of these John Doe Defendants to an alleged deprivation of his rights. Plaintiff must plead specific facts as to what each of these individual John Doe Defendants did to violate his constitutional rights. He should allege when the violations occurred, by which Doe Defendant, and how the actions amounted to violations of his constitutional rights.

Plaintiff also names a number of supervisory Defendants (Defendants Ahlin, King, Reed, and Bowley). These Defendants cannot be held liable merely because they supervised Defendants who violated Plaintiff's constitutional rights. Plaintiff must plead specific facts as to how each Defendant personally participated in the deprivation of his constitutional rights, directed the violations, or knew of the violations and failed to act to prevent them. *See Hansen*, 885 F.2d at 646; *see also Taylor*, 880 F.2d at 1045.

### B. Unrelated Claims

Federal Rule of Civil Procedure 18(a) allows a party to "join, as independent or alternative claims, as many claims as it has against an opposing party." However, Rule 20(a)(2) permits a plaintiff to sue multiple defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all defendants." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (*citing* 28 U.S.C. § 1915(g)).

Plaintiff names numerous Defendants and numerous violations of his constitutional rights: 1) lack of privacy, 2) unlawful search and seizure of his property without due process, 3) equal protection violations, and 4) denial of his access to courts.

Plaintiff's claim against Defendants Saldivar and Jackson for denial of his access to the court system is a separate occurrence from Plaintiff's other allegations. As noted below, Plaintiff cannot state a cognizable claim based on the alleged facts. Leave to amend this claim is denied. To the extent that Plaintiff chooses to amend any of his other stated claims, he must allege in this action only claims that meet the requirements of Federal Rule of Civil Procedure 20(a)(2).

### C. Privacy

The extent of an involuntarily confined civil detainee's right to privacy in his room in a secure treatment facility is unclear, but, assuming Plaintiff retains some reasonable expectation of privacy in his living area at CSH, it would necessarily be of a diminished scope given Plaintiff's civil confinement. *See Bell v. Wolfish*, 441 U.S. 520, 556-57 (1979) (discussing detainee's expectation of privacy in cell or room at detention facility); *See also Pesci v. Budz*, 2012 WL 4856746, at *6 (M.D. Fla. Oct. 12, 2012) (no

expectation of privacy in dormitory); *but see*, Hoch v. Tarkenton, 2013 WL 1004847, at *2 (E.D. Cal. Mar. 13, 2013) (search of plaintiff's hospital room, where search was unreasonable states a Fourth Amendment claim).

Plaintiff fails to allege how or why he has a reasonable expectation of privacy in his room or that any specific harm is caused by his failure to possess a privacy curtain. The fact that Defendants Joya and Espinoza may have laughed at Plaintiff does not amount to a constitutionally significant harm. See, e.g. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) ("[V]erbal harassment or abuse . . . [alone] is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983."). Additionally, Plaintiff has not tied his worsening health condition, which he describes as severe anxiety, dizzy spells, shortness of breath, and irregular heart rate to his failure to have a privacy curtain.

Plaintiff's allegations also suggest that the regulation regarding privacy curtains is not meant to be punitive; there is a legitimate reason for the lack of privacy curtains – security and safety concerns.

Plaintiff will be given leave to amend. Plaintiff must allege truthful and specific facts demonstrating that he has a reasonable expectation of privacy in his room and that the regulations regarding privacy curtains are punitive in nature and have caused him identifiable harm.

**D.     Property Confiscation**

Plaintiff complains CSH staff confiscated his personal property, including his audio cables, a power strip, a DVD burner, a television antenna, and a video amplifier. The Due Process Clause protects against property deprivation without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).[2]

Plaintiff alleges he was deprived of non-contraband personal property without due

---

[2] Plaintiff does not have a Fourth Amendment right to be free from seizure of his personal property. *Hudson v. Palmer*, 468 U.S. 517, 536 (1984); *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989). His property claim is properly analyzed under the Fourteenth Amendment. *Id.*

process. He attributes the deprivation to a constant change in CSH policies. Plaintiff does not state with any specificity who denied him due process, and when, how and what justification, if any, was given for the denial. He also suggests that there was a time period in which he was allowed a means to send his property home.

To the extent Plaintiff might allege the deprivation was not authorized by state law, *Hudson* precludes a procedural due process claim based upon an "unauthorized intentional deprivation of property by a state employee if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "California law provides an adequate post-deprivation remedy for any property deprivations." *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir.1994) (*citing* Cal. Gov't Code §§ 810–895).

Plaintiff does not state a cognizable claim for relief for violation of the Due Process Clause of the Fourteenth Amendment for the deprivation of his property. Plaintiff will be given an opportunity to amend. If Plaintiff chooses to amend, he should allege facts showing how and why an authorized search deprived him of property without notice and opportunity to contest the deprivation and disposition of the property.

**E.   Search of Room**

"The Fourth Amendment prohibits only unreasonable searches." *Bell*, 441 U.S. at 558 (*citing Carroll* v. *United States*, 267 U.S. 132, 147 (1925)); *Byrd v. Maricopa Cnty. Sheriff's Dep't.*, 629 F.3d 1135, 1140 (9th Cir. 2011). The reasonableness of a search is determined by the context, which "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." *Bell*, 441 U.S. at 559. For the Fourth Amendment to apply there must be a "reasonable expectation of privacy in the place that is invaded." *Espinosa v. City and Cnty. of San Francisco*, 598 F.3d 528, 533 (9th Cir.2010); *Hudson v. Palmer*, 468 U.S. 517, 525 (1984). Factors that must be evaluated are "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell*,

441 U.S. at 559; *Byrd*, 629 F.3d at 1141.

As noted above some courts have concluded civil detainees do not have a reasonable expectation of privacy in their rooms. *Pesci*, 2012 WL 4856746, at *6(civil detainee did not have a reasonable expectation of privacy in his dormitory); *but see, Hoch*, 2013 WL 1004847, at *2 (finding cognizable Fourth Amendment claim arising from contraband search of civil detainee's hospital room where search unsupported by consent, warrant, probable cause, or reasonable suspicion).

Plaintiff complains he was subject to numerous unreasonable "compliance" searches of his living area. However, Plaintiff also states that legitimate security and safety reasons existed for the searches and state agency inspections. It also appears that property seized was considered contraband at the time of the search. As noted above, Plaintiff's Complaint also seems to suggest procedures were in place for compensation and for shipping certain items home.

Even if a reasonable expectation of privacy in Plaintiff's room could be established, Plaintiff does not allege sufficient consistent facts to reflect an unreasonable search of his living area.

Plaintiff will be given an opportunity to amend. If Plaintiff chooses to amend, he should allege facts showing how and why he was subjected to an unreasonable search by a named Defendant causing him harm.

**F.      Equal Protection**

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendant's actions were

a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 40 (1973); *SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Willowbrok*, 528 U.S. at 564.

Plaintiff alleges that Defendant Walker allowed another patient to keep property that Plaintiff could not, and that Defendant Reed refused to install curtains on Plaintiff's floor even though privacy curtains were allowed on other floors at CSH. To the extent that Plaintiff wishes to allege a claim for violation of the Equal Protection Clause, he has not met the above requirements.

Plaintiff has not alleged that he is a member of identifiable class or that the class is protected under the Fourteenth Amendment. Plaintiff's allegations also do not suggest that Defendant Reed intentionally treated him differently from others similarly situated by reason of his status. "Discriminatory purpose . . . implies that the decision maker . . . selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group." *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (internal quotation marks and citation omitted). Nothing before the Court suggests Defendants were motivated by discriminatory intent. Plaintiff does not state an Equal Protection claim. He will be given leave to amend.

### G.     Access to Courts

Plaintiff has a constitutional right of access to the courts, and prison officials may not actively interfere with his right to litigate. *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). A plaintiff must show that he suffered an "actual injury," *i.e.* prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. *Id.* at 348-49. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. *Id.* at 351.

Plaintiff alleges Defendants Saldivar and Jackson failed to assist him in filing an elder abuse suit. An elder abuse suit is not a criminal appeal, habeas petition, or civil rights action. *See id.* at 354. Therefore, Plaintiff will not be granted leave to amend this claim.

### H.     State Tort Violations

Plaintiff alleges that Defendants Saldivar, Jackson, Walker, Expinoza, and Adams were negligent and that all Defendants committed willful misconduct and caused him intentional and negligent infliction of emotional distress.

Under the California Tort Claims Act ("CTCA"), Plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1240 (2004).

Plaintiff cannot base a tortious claim on the above allegations against Defendants because he has not demonstrated compliance with CTCA claim filing requirements.

### I.     State Law Claims

Plaintiff alleges Defendants Joya, Espinoza, Walker, and Adams violated the California Civil Code and Defendants Saldivar, Jackson, Walker, Adams, Espinoza, and Joya violated the California Welfare and Institutions Code.

Section 52.1 of the Civil Code, known as the Bane Act, authorizes a claim for relief "against anyone who interferes, or tries to do so, by threats, intimidation, or coercion, with an individual's exercise or enjoyment of rights secured by federal or state law." *Jones v. Kmart Corp.*, 17 Cal.4th 329, 331 (Cal. 1998).  A claim under Section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by coercion." *Id.* at 334. Plaintiff fails to allege any facts to support such a claim against Defendant Joya, Espinoza, and Walker.  He does not allege any threats or acts of intimidation or coercion by any of these Defendants.  Plaintiff alleges that Defendant Adams threatened to kill him, but he fails to tie this threat to any interference with the exercise of his rights.  He does not allege when or why Defendant Adams threatened him or how his threat amounted to an interference.

Section 51.7 of the Civil Code, known as the Ralph Act, prohibits violence or intimidation by threat of violence against any persons based on a number of enumerated classes, including sex, race, color, religion, disability, or medical condition.  Cal. Civ. Code § 51.7 (2011).  In the absence of any allegations that Plaintiff was subjected to violence or intimidation by threats of violence and that such actions were motivated by discrimination, Plaintiff fails to state a claim.  *See Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App.4th 860, 880-81 (Cal. Ct. App. 2007).

Finally, Plaintiff cites to California Welfare and Institutions Code Sections 15630, 15610, and 156656.  Plaintiff has not stated a claim under any of these sections. Plaintiff has not alleged that Defendants Saldivar or Jackson are mandated reporters and that they observed or knew of any incident that qualifies as "elder abuse" under the Code.  *See* Cal. Welfare & Inst. Code § 15630(b)(1).  Plaintiff claims that Defendants

12

Walker and Adams created obstacles to his receipt of mail, but there are no facts alleged in his Complaint as to when, how, or why either Defendant interfered with his mail. *See* Cal. Welfare & Inst. Code § 15610.43(a)(1). Finally, Section 156656 does not exist, and it is not clear from Plaintiff's bare allegations of "financial abuse" and "property deprivation" what other section of the Code Plaintiff may be claiming Defendants violated.

Plaintiff will be given an opportunity to amend his claims. However, if Plaintiff fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law claims, even if he cures the deficiencies and states a claim. 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

### J.     Declaratory Relief

In addition to damages, Plaintiff seeks a declaration that Defendants violated his constitutional rights. Plaintiff's claims for damages necessarily entail a determination of whether his rights were violated, and therefore, his separate request for declaratory relief is subsumed by those claims. *Rhodes v. Robinson*, 408 F.3d 559, 566 n.8 (9th Cir. 2005). Should Plaintiff seek some other declaratory judgment, he must clearly specify what relief he seeks and how such relief would settle "a substantial and important question currently dividing the parties." *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 703 (9th Cir. 1992).

## V.     CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

      Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an "amended complaint supersedes the original" complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Here, the amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).

      Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1.) is DISMISSED for failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his signed complaint filed December 10, 2013;
3. If Plaintiff fails to file an amended complaint, in compliance with this order, the Court will dismiss this action, without prejudice, for failure to comply with a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   March 10, 2015          /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE