1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DENIS K. ROTROFF,

                    Plaintiff,

        v.

PAM AHLIN, et al.,

                    Defendants.

CASE NO. 1: 13-cv-02017-LJO-MJS (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

(ECF No. 24)

## I.    PROCEDURAL HISTORY

Plaintiff Denis K. Rotroff is a civil detainee at Coalinga State Hospital ("CSH") proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF Nos. 1 & 7.)

On March 11, 2015, the Magistrate Judge dismissed Plaintiff's Complaint for failure to state a claim and granted Plaintiff thirty days to file an amended complaint. (ECF No. 19.)  On April 6, 2015, Plaintiff filed a notice of intent, refusing to file an amended complaint in accordance with the Magistrate Judge's Order and seeking leave to object.  (ECF No. 20.)

On April 9, 2015, the Magistrate Judge issued Findings and a Recommendation

to dismiss the action with prejudice based on Plaintiff's failure to state a claim, failure to obey a court order, and failure to prosecute.  (ECF No. 21.)  Plaintiff failed to file objections within the requisite time period, and the undersigned adopted the Findings and Recommendation and closed the case on May 4, 2015.  (ECF Nos. 22 & 23.)  On that same date, the Court received Plaintiff's objections to the Findings and Recommendation.  (ECF No. 24.)  The Court will therefore construe Plaintiff's objections as a motion for reconsideration.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances'" exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (*quoting Latshaw v. Trainer Wortham & Co., Inc.,* 452 F.3d 1097, 1103 (9th Cir. 2006)). The moving party "must demonstrate both injury and circumstances beyond his control." *Latshaw,* 452 F.3d at 1103.  In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009), and "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision.  *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (*quoting Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D. N.J. 1992)).

2

### III.   ANALYSIS

Plaintiff objects to the Magistrate Judge's screening order and Findings and Recommendation to dismiss the case after Plaintiff refused to file an amended complaint in accordance with that order.   Plaintiff seeks a new review of his Complaint based on the Magistrate Judge incorrectly screening it in the following regards:

Plaintiff argues that he properly alleged that Defendants Saldivar and Jackson are mandated reporters, he was not asserting an access to courts claim against them, but rather a state law and due process claim, and he properly alleged his compliance with the California Tort Claims Act.

Plaintiff titles his cause of action against these Defendants as "Refusal of Mandatory Reporter to Report Abuse," but fails to specifically allege facts to demonstrate that Defendants are in fact mandated reporters under the California Welfare and Institutions Code.   Even if his caption to the cause of action is sufficient to allege that element of his claim, Plaintiff failed to allege that either Defendant knew or observed of any incident that qualifies as "elder abuse" under the Code, and therefore did not state a claim against them.   To the extent that Plaintiff did not wish to proceed on an access to courts claim against these Defendants, he did not need to include the claim in an amended complaint should he have complied with the Court order to file one.   It is not entirely clear from Plaintiff's Complaint that by his allegations regarding submitting a claim to the "California State Board of Control," (ECF No. 1 at 2.), that he in fact submitted all of his state tort claims to the California Victim Compensation and Government Claims Board and otherwise complied with the California Tort Claims Act. The screening order properly advised Plaintiff in this regard.

Next, Plaintiff contends that the Magistrate Judge failed to address his constitutional claim against Defendant Adams for the violation of his Fourteenth Amendment right to be kept safe.   From a review of Plaintiff's Complaint, it appears that Plaintiff intended only to allege a state law claim against this Defendant based on his

threat to kill him.  The Magistrate Judge properly addressed the deficiencies in Plaintiff's state claims against Defendant Adams.   To the extent that Plaintiff was stating a constitutional claim against Defendant Adams based on his threat to kill him, Plaintiff would have needed to allege a specific harm and how the threat amounted to a violation of his due process rights.  *Youngberg v. Romeo*, 457 U.S. 307, 321 (1982) (holding that due process requires that a civil detainee receive care that is professionally acceptable). Plaintiff did not do so and refused to file an amended complaint.

Finally, Plaintiff argues that the Magistrate Judge failed to address every alleged fact with respect to his privacy claim and incorrectly concluded that the law in the area of privacy within a civil detainee's room is not well settled.   The Court reviewed the Magistrate Judge's order and Plaintiff's Complaint and finds that the Magistrate Judge properly cited the law and addressed Plaintiff's claim.

Plaintiff has not shown clear error or other meritorious grounds for relief from the Court's screening order of dismissal with leave to amend or order dismissing the case based on Plaintiff's failure to obey a court order, failure to state a claim, and failure to prosecute.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

Plaintiff's objections to the Magistrate Judge's Findings and Recommendations as construed as a motion for reconsideration (ECF No. 24.) are DENIED.

IT IS SO ORDERED.

Dated:   **May 7, 2015**                              **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE